## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **MICHAEL ERIC BAILEY,** | § | |
| **TDCJ No. 01059301,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:18-cv-00168-M-BP** |
| | § | |
| **LORIE DAVIS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Petitioner Michael Eric Bailey's ("Bailey") Petition for Writ of Habeas Corpus filed on November 21, 2018. ECF No. 1. Bailey, an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. *Id.* On November 21, 2018, the petition was referred to the undersigned pursuant to Special Order No. 3. ECF No. 2. After considering the petition and applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DENY** Bailey's petition for writ of habeas corpus. ECF No. 1.

In his petition, Bailey challenges the validity of disciplinary action no. 20180252223, which was taken against him at the Telford Unit in New Boston, Texas, for the offense of possession of synthetic marijuana. ECF No. 1 at 5. Bailey states that his disciplinary case resulted in 360 days of good-time credit lost, forty-five days of commissary and recreation restrictions, and a reduction of his Line 3 custodial classification. *Id.*

In support of his petition, Bailey claims that the hearing officer did not provide him an opportunity to review video footage. *Id.* at 11. He also claims that he was held longer than seventy-two hours without a hearing and that no one investigated his case. *Id.* at 6. Further, he contends that certain documentary evidence was excluded from his hearing. *Id.* Bailey seeks reversal of his disciplinary conviction, restoration of his custodial classification, and $500 for pain and suffering. *Id.* at 7.

Bailey has failed to state a colorable claim for habeas corpus relief. He has no constitutionally protected interest in his custodial classification or in his good-time earning status. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (recognizing that "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a constitutionally protected liberty interest). Similarly, a reduction in good-time earning status will not support a due process claim because the timing of the inmate's release is too speculative to afford a constitutionally cognizable claim in a "right" to a time-earning classification. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). Therefore, to the extent Bailey's custodial classification was to improve in the future, the reset of his Line 3 custodial classification does not warrant due process protection.

Bailey concedes that he is not eligible for mandatory supervised release. ECF No. 1 at 5. Therefore, he had no constitutionally protected liberty interest at stake during the disciplinary proceeding. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (holding that the state may create a constitutionally protected liberty interest requiring a higher level of due process where good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervised release). Absent such a liberty interest, due process does not attach to a prison disciplinary action.

2

The loss of recreation and imposition of a commissary restriction that Bailey sustained are changes in the conditions of confinement and do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Constitutional concerns could arise where restrictions on privileges represent atypical and significant hardship in relation to the ordinary incidents of prison life. However, temporary restrictions such as those imposed against Bailey do not raise such concerns.

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition for writ of habeas corpus be **DENIED**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed October 16, 2019.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE